UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **01-6814**
**CIV-ZLOCH**   MAGISTRATE JUDGE
SELTZER

ALLIANCE FOR ADA COMPLIANCE, INC.,
JOHN GARON and VATRICE RIVERA,

Plaintiffs,

vs.

TARGET CORPORATION, a Division of
DAYTON HUDSON CORPORATION,

Defendant.
_____/   **INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiffs, ALLIANCE FOR ADA COMPLIANCE, INC., JOHN GARON and VATRICE RIVERA, (hereinafter, "Plaintiffs"), by and through the undersigned counsel, hereby sue the Defendant, TARGET CORPORATION, a Division of DAYTON HUDSON CORPORATION (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and allege as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2202).



## PARTIES

2.  Plaintiffs, GARON and RIVERA, are residents of the State of Florida and this judicial district, are sui juris, and are disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiffs use a wheelchair for mobility purposes. Plaintiffs' access to the Facility and/or their full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3.  ALLIANCE FOR ADA COMPLIANCE, INC., is a non-profit Florida corporation. The members of this organization include GARON, RIVERA and other individuals with disabilities as defined by the ADA. This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiffs, GARON and RIVERA, and other members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to remove the physical barriers to access and comply with the requirements of the ADA. The organization has also been discriminated against because of its association with its disabled members and their claims.

4.  Plaintiffs have suffered and continue to suffer direct and indirect injury as a result of the Defendant's actions or inaction described herein.

2

5. The Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Target, located at 8201 Federated Parkway, Plantation, Florida (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

7. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

3

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

   (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

10. The Facility is a public accommodation and service establishment.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.302, *et seq.*

12. The Facility must be, but is not, in compliance with the ADA and ADAAG.

13. Plaintiffs have attempted to and have, to the extent possible, accessed the Facility, but could not do so because of their disability due to the physical barriers to access, dangerous

4

conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14. Plaintiffs intend to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, including purchasing goods, and utilizing parking and restroom facilities, but will be unable to do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15. The Defendant has discriminated against the Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12128, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiffs.

16. Defendant has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

5

conditions and ADA violations which preclude and/or limit the Plaintiffs' ability (because of their disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

(i) There are an insufficient number of accessible parking spaces for disabled individuals, as set forth in ADAAG Section 4.1.2(5), thereby restricting and/or limiting Plaintiffs' ability to access the Facility and use the public parking at the Facility.

(ii) The disabled parking spaces provided are not the appropriate width, are not van accessible, and do not have access aisles, as required by ADAAG Sections 4.6.3 and 4.1.2 and the Florida Accessibility Code, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and use the public parking at the Facility.

(iii) The signage designating the existing parking spaces as accessible to the disabled is not the proper height as required by ADAAG Section 4.6.4 and the Florida Accessibility Code, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and use the public parking at the Facility.

(iv) There is not a marked accessible path from the existing parking spaces designated as accessible to the closest accessible entrance as required by ADAAG Section 4.6.3, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

- (v) The existing parking spaces are configured so that the disabled patron must go behind parked vehicles and into the path of vehicular traffic to access the entrance to the Facility, as prohibited by ADAAG Section 4.6.2, Figure 9 and the Florida Accessibility Code, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

- (vi) There are not sufficient curb ramps to accommodate the aforementioned parking spaces designated as accessible as required by ADAAG Sections 4.6.2 and 4.7.1, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

- (vii) The ramp in front of the entrance does not have a detectable warning surface as required by ADAAG Section 4.29.2 and the Florida Accessibility Code.

17. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by the Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

18. The Plaintiffs have attempted to gain access to the Facility, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by the Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the future by the Defendant because of Plaintiffs' disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

7

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 28 C.F.R. § 36.304.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm, and reasonable anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

22. Plaintiffs have been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §12117 and 42 U.S.C. §1988.

23. Pursuant to 42 U.S.C. §12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering the Defendant to remove the physical barriers to access and alter the subject Facility as appropriate to comply with the ADA, closing the subject Facility until the barriers are removed and requisite modifications are completed, and awarding Plaintiffs their attorneys' fees, expert fees, costs and expenses incurred in this action.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiffs

TODD W. SHULBY
Florida Bar No.: 068365

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ALLIANCE FOR ADA COMPLIANCE, JOHN GARON and VATRICE RIVERA

**01-6814**

## DEFENDANTS

TARGET CORPORATION, A DIVISION OF DAYTON HUDSON CORPORATION

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**MAGISTRATE JUDGE**
**SELTZER**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**CIV-ZLOCH**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-463-2001
Todd W. Shulby, Esq./ Whitelock & Associates, PA
300 SE 13th Street, Fort Lauderdale, FL 33316

ATTORNEYS (IF KNOWN)

A. BROWARD 0:bicv

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Cat A - 01cv6814 - Zloch/Seltzer

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS |  | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | B☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  |  | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws |  | ☐ 460 Deportation |
|  | ☐ 330 Federal Employers Liability |  | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act |  | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 820 Copyrights |  |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | B☐ 690 Other |  |  |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|  |  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | B☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
|  |  | B☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Americans With Disabilities Act, 42 USC 12181, et seq.

**LENGTH OF TRIAL**
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See instructions) IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE 5/8/01

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT# 533041  AMOUNT $150.00  APPLYING IFP _____  JUDGE 05-11-01  MAG JUDGE _____